**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**CECIL ROARK II**                                                                                               **PLAINTIFF**

v.                                                          **CIVIL ACTION NO. 1:17CV-P83-GNS**

**TIM PHILLIPS, MAJOR** *et al.*                                                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Cecil Roark II, a prisoner currently incarcerated at the Pike County Detention Center, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1) concerning his pretrial detention at the Simpson County Detention Center (SCDC). This matter is before the Court on initial screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the complaint will be dismissed in part, but Plaintiff will be given a chance to amend his complaint with regard to one of his claims.

### I. SUMMARY OF CLAIMS

Plaintiff brings suit against the following Defendants: (1) SCDC Major Tim Phillips; (2) Simpson County Jailer Eric Vaughn; (3) SCDC Chief Jailer Brent Deweese; and (4) Southern Health Partners. He sues the individual Defendants in their individual and official capacities.

In the complaint, Plaintiff asserts several claims. First, Plaintiff alleges that since December 1, 2016,[1] he filled out "medical request after medical request for chronic migraines that I have suffered since childhood." He alleges, "I have always been prescribed medicine to prevent my chronic migraines, and since I've been here the nurse practioner has denied the prescribe me a medicine to prevent my migraines, so days after day, night after night, If I have a migraine, I have to suffer and be in terrible pain." He asserts that Defendant SHP "gives inmates

---

[1] On May 8, 2017, only a few days after filing the complaint, the Court received a notice from Plaintiff indicating that he had been transferred to Pike County Detention Center (DN 5).

in the [SCDC] very little treatment, and non-exsistent if it cost any money. This causes me and other inmates here to suffer cruel and unusual punishment."

Second, Plaintiff reports filing numerous grievances on the "food services" at SCDC. He alleges that "the food is never at the right tempature or right size perportions. The way it's prepared, handled and served is very unsanitary. Inmates are constantly sick with diarrhea and vomitous sickness." He states that Defendant Phillips responded "that no one else is complaining, not addressing the issue of the food."

Third, Plaintiff indicates that grievances and appeals at SCDC are handled by Defendant Phillips and that Defendant Phillips never addressed the grievance issues, was confrontational and disrespectful with his responses to grievances, and had "no regard to the grievance process."

Finally, Plaintiff alleges:

> This jail is housing state and county inmates are piled into cells over crowding with people sleeping on the floors, one phone, 2 toilets and one shower for over 20 inmates. There's not even enough seats at the tables for everyone to eat at meals. There's not the required square foot per inmate, required by federal guidelines, in a cell for over 23 hours per day, 7 days a week.

As relief, Plaintiff seeks monetary and punitive damages and injunctive relief in the form of ordering the "proper medical, food and grievance services."

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from

such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. <u>ANALYSIS</u>

#### *A. Injunctive Relief*

An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to his release from confinement or transfer to another facility. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th

Cir. 1996) (same). Because Plaintiff is no longer incarcerated at SCDC, his claims for injunctive relief are moot and will be dismissed.

## B. *Grievances*

Plaintiff claims that Defendant Phillips never addressed the grievance issues, was confrontational and disrespectful with his responses to grievances, and had "no regard to the grievance process."

There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003); *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) ("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983.") (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."). Thus, where the only allegation against a defendant relates to the denial/

rejection of a grievance, a plaintiff fails to allege any personal involvement by the defendant in the alleged constitutional violation.

Because the only allegations against Defendant Phillips are in relation to his handling of grievances, Plaintiff fails to state a claim against Defendant Phillips, and the claims against him will be dismissed.

### C. Food Service and Other Jail Conditions

Plaintiff was not a convicted prisoner at the time of the events alleged; he was a pretrial detainee. As such, the Eighth Amendment's proscription against cruel and unusual punishment does not apply to him. *Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001). However, "[t]he Due Process Clause of the Fourteenth Amendment extends the protection of the Eighth Amendment to pretrial detainees such as Plaintiff." *Harrell v. Grainger Cty., Tenn.*, 391 F. App'x 519, 522 (6th Cir. 2010). Plaintiff's claims, therefore, will proceed under the Fourteenth Amendment but be analyzed like Eighth Amendment claims. *See Bass v. Strode*, No. 1:12CV-P182-R, 2012 WL 5834123, at *2 (W.D. Ky. Nov. 16, 2012).

An Eighth Amendment claim has both an objective and subjective component: (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). A prison's conditions of confinement are sufficiently grave if they fall beneath "the minimal civilized measure of life's necessities" as measured by a "contemporary standard of decency." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prison official inflicting such conditions acts with a sufficiently culpable state of mind if he does so with "deliberate indifference." *Wilson*, 501 U.S. at 303.

Plaintiff complains of various conditions of his confinement at SCDC, including denial of medication, food service, and cell size and conditions.

As to Plaintiff's claims regarding food service at SCDC, "[t]he Sixth Circuit Court of Appeals has held that deliberate and unnecessary withholding of food essential to normal health can violate the eighth amendment." *Kennibrew v. Russell*, 578 F. Supp. 164, 168 (E.D. Tenn. 1983) (citing *Cunningham v. Jones*, 567 F.2d 653 (6th Cir. 1977)). Plaintiff does not make such an allegation here. Indeed, Plaintiff fails to describe his food claim with any particularity in the complaint, merely alleging that the " food is never at the right tempature or right size perportions" and that the "way it's prepared, handled and served is very unsanitary." *See, e.g.*, *Davis v. Bedford Cty. Jail*, No. 4:15-CV-36-HSM-SKL, 2016 WL 3014672, at *3 (E.D. Tenn. May 24, 2016) ("Plaintiff's assertion that food was served at the wrong temperature relates to the quality of the meals served at the jail. Allegations about the quality of prison food are far removed from Eighth Amendment concerns because they do not constitute the wanton and unnecessary infliction of pain upon an inmate."). While Plaintiff broadly alleges that "Inmates are constantly sick," he fails to allege that he, himself, experienced any episode of sickness or other harm associated with the "food services" at SCDC. And Plaintiff, as a *pro se* layperson, cannot represent any other person's interests other than his own. *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("Although 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake."); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."). Although the Court is required to construe a complaint liberally and in a light most favorable to the *pro se* Plaintiff, the Court cannot state a claim for him.

As to the purported housing conditions at SCDC, Plaintiff alleges no harm or injury resulting from the size of the cells, the number of toilets or showers, the number of seats at

6

tables, being in a cell for 23 hours a day, or being housed with state inmates. *See, e.g.*, *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012) (finding that plaintiff's allegations that the number of toilets, showers, wash basins, and showers had not increased with the increased population, that there were lines to use the bathrooms and showers, and that there were no comfortable places to sit to watch television or write letters failed to state an overcrowding claim because plaintiff failed to allege an unconstitutional denial of basic needs); *Galloway v. Henderson Cty.*, No. 4:16CV-P156-JHM, 2017 WL 2272084, at *4 (W.D. Ky. May 24, 2017) ("[A]n inmate does not enjoy a constitutional right to be housed in any particular facility or a particular part of the facility. Therefore, Plaintiff cannot state a cognizable § 1983 claim based generally on being a county inmate housed with state and federal inmates.") (internal citations omitted); *Keeling v. Louisville Metro Corr. Dep't*, No. 314-CV-P697-DJH, 2015 WL 3457847 (W.D. Ky. May 29, 2015), *appeal dismissed* (Nov. 19, 2015) (finding that plaintiff's allegations that the cell pods are crowded and that there was fighting over toiletries, soap, seating, and beds are not deprivations of the minimal civilized measure of life's necessities and, therefore, failed to state a claim upon which relief may be granted).

In addition, Plaintiff does not state that he suffered any harm as a result of the alleged overcrowding and other jail conditions. "A speculative injury does not vest a plaintiff with standing[.]" *King v. Deskins*, No. 99-6381, 2000 WL 1140760, at *2 (6th Cir. Aug. 8, 2000). Further, Plaintiff may not recover damages for mental or emotional injury without a showing of physical injury. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner[2] confined in a jail, prison, or other correctional facility, for mental or emotional injury

---

[2] The definition of prisoner includes pretrial detainees. *See* 42 U.S.C. § 1997e(h) ("As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.").

suffered while in custody without a prior showing of physical injury . . . ."). The Sixth Circuit has repeatedly found Eighth Amendment claims for monetary relief precluded by 42 U.S.C. § 1997e(e) absent a showing of physical injury. *See Jennings v. Weberg*, No. 2:06-CV-235, 2007 WL 80875, at *3 (W.D. Mich. Jan. 8, 2007) (collecting cases).

Finally, because Plaintiff was transferred away from SCDC only days after filing the complaint, there is no likelihood that he will be placed in the same conditions again. The Court cannot find a deprivation of constitutional proportions here. *See, e.g.*, *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("Extreme deprivations are required to make out a conditions-of-confinement claim[.]"); *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) ("Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment.").

For the foregoing reasons, the Court concludes that Plaintiff has failed to state an Eighth/Fourteenth Amendment claim as to the alleged food service and other jail conditions during his incarceration at SCDC. Those claims, therefore, will be dismissed.

### D. Denial of Medication

Plaintiff alleges that a non-Defendant nurse practitioner denied him medication for chronic migraines and that Defendant SHP "gives inmates in the [SCDC] very little treatment, and non-exsistent if it cost any money." Before performing its initial review on this medical claim, the Court will allow Plaintiff to file an amended complaint. *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]."). Plaintiff may amend the complaint to name the nurse practitioner and any other person(s) he believes denied him treatment for his chronic migraines

as Defendants, to name them in their individual capacity, and to provide facts indicating how each Defendant allegedly denied him medical treatment and violated his constitutional rights.

### IV.  ORDER

For the foregoing reasons,

**IT IS ORDERED** that all of Plaintiff's claims, except for the claim of denied treatment for his chronic migraines, are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED that Plaintiff may file an amended complaint within 30 days from the entry date of this Order** naming as Defendants the nurse practitioner and any other person(s) he believes denied him treatment for his chronic migraines, suing those Defendants in their individual capacity, and providing facts detailing how each Defendant allegedly denied him medical treatment and violated his constitutional rights.  **Should Plaintiff fail to file an amended complaint within the time allotted, the Court will perform its initial review under § 1915A on the remaining claim of denied medical treatment**.

The **Clerk of Court is DIRECTED** to send Plaintiff a § 1983 complaint form with the instant case number and "Amended Complaint" affixed to the caption.

Date: October 5, 2017

**Greg N. Stivers, Judge
United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    Simpson County Attorney
4416.005